**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

AHMED BABATUNDE,

*Petitioner,*

v. No. 2:26-cv-03498-SMD-LF

MARKWAYNE MULLIN, *et al.*,

*Respondents.*

**ORDER**

THIS MATTER is before the Court on Petitioner Ahmed Babatunde's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Doc. 1 (the "Petition"). On October 29, 2026, Respondents filed a Response. Doc. 6 (the "Response"). On November 18, 2026, Respondents filed an Emergency Motion to Lift the Court's Order Enjoining Transfer, requesting that the Court lift the restrictions on Petitioner's transfer and removal. Doc. 8 (the "Emergency Motion").

The Court has reviewed the Petition, the Response, the Emergency Motion, the record, and the relevant law. For the reasons below, the restrictions on Petitioner's transfer and removal are **LIFTED**. Respondents shall either remove Petitioner from the United State through lawful means by February 5, 2027, or **RELEASE** him from custody without any new conditions of supervision.

**BACKGROUND**

The Court will summarize the relevant facts. Petitioner is a citizen of Nigeria who entered the United States "years ago" and was taken into custody by immigration officials upon completion of a prison sentence. An immigration judge ordered his removal on August 5, 2026, and Petitioner waived his right to appeal. Doc. 1 at 1-2. Petitioner challenges his detention as prolonged under the U.S. Constitution. *Id.* at 3-4.

On October 23, 2026, the Court ordered Respondents to answer the Petition and prohibited Respondents from transferring or removing Petitioner from the District of New Mexico while this action remained pending. *See* Doc. 5 ("October 23 Order"). In their Response, Respondents do not set forth any arguments regarding criminal history, danger, or flight risk. *See* Doc. 6. In their Emergency Motion, Respondents state they now possess a travel document and removal is scheduled before the end of November 2026, and request that the Court lift the restrictions imposed by the October 23 Order. *See* Doc. 8. In support, Respondents attach to the Emergency Motion the declaration of a deportation officer. *See id.*

**LEGAL STANDARD**

An application for habeas corpus under 28 U.S.C. § 2241 may be granted where a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts have habeas jurisdiction to examine the statutory and constitutional bases for immigration detention unrelated to review of the merits of a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003); *Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006); *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004).

Once an order of removal becomes administratively final, detention is governed by 8 U.S.C. § 1231. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 528–29 (2021). Section 1231 generally provides a ninety-day removal period. 8 U.S.C. § 1231(a)(1)(A). Certain noncitizens who have not been removed during that period may remain detained beyond it. *Id.* § 1231(a)(6).

Section 1231(a)(6), however, does not authorize indefinite detention. *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001). The Supreme Court recognized six months as a presumptively reasonable period of post-removal-order detention. *Id.* at 701. After six months, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably

foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* And as detention continues, "what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*

**DISCUSSION**

Petitioner has presently been detained for approximately 107 days following the entry of a final order of removal. Respondents submit sworn evidence stating that they possess a valid travel document and means to remove Petitioner. *See* Doc. 8. The presumptively reasonable six-month period of detention to effectuate Petitioner's removal under a final order has not yet run. *See Zadvydas*, 533 U.S. at 701.

Because Respondents have made a showing that there is a significant likelihood of removal in the reasonably foreseeable future, the Court will permit Respondents an opportunity to act on these representations. The present restriction prevents Respondents from transferring or removing Petitioner and therefore prevents the Government from attempting the removal described in its filings. That evidence materially distinguishes this case from one in which removal remains merely speculative. *Cf. Abiodun v. Mukasey*, 264 F. App'x 726, 729 (10th Cir. 2008) (concluding that detention did not raise the prospect of indefinite detention where travel documents had issued and removal efforts were ongoing). However, Petitioner's detention cannot continue indefinitely based on a removal that remains only prospective.

The Court will lift the restrictions in the October 23 Order and afford Respondents a limited period to effectuate Petitioner's removal. Respondents shall have until the end of the presumptively reasonable period of detention, *i.e.* February 5, 2027, to remove Petitioner from the United States through lawful means or, if they do not do so, to release Petitioner from custody without any new conditions of supervision.

## CONCLUSION

Accordingly, it is hereby **ORDERED**:

1) Respondents' Emergency Motion (Doc. 8) is **GRANTED IN PART**;
2) The restriction on Petitioner's transfer and removal imposed by the Court's October 23, 2026 Order (Doc. 5) is **LIFTED**;
3) No later than February 5, 2027, Respondents shall either (1) **REMOVE** Petitioner from the United States through lawful means; or (2) **RELEASE** Petitioner from custody without any additional conditions or restraints beyond those that existed before Petitioner's detainment;
4) No later than February 8, 2027, Respondents **SHALL FILE** a notice of compliance informing the Court whether Petitioner has been removed to Nigeria or released from custody in compliance with this Order;
5) In the event of release, Respondents **SHALL** provide Petitioner with all personal belongings and facilitate Petitioner's transportation from the detention facility, and provide all identity and travel documents required to allow return to Petitioner's primary address;
6) In the event of release, Respondents **SHALL NOT** re-detain Petitioner absent compliance with all applicable regulations, and with any change in circumstances showing that his removal is reasonably foreseeable supported by, for instance, communications from a foreign government agreeing to accept him, the procurement of travel documents, and a credible anticipated timeline to lawfully effectuate his removal;

7) Respondents **SHALL NOT** remove Petitioner to any third country without first providing him with constitutionally compliant procedures, including written notice in a language he can understand and the opportunity to challenge his removal and present a fear-based claim;

8) The Court retains jurisdiction over this matter to ensure compliance with this Order.

**IT IS SO ORDERED.**

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**